UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN ORTIZ,

                        Plaintiff,

    -against-

                                                     **SUA SPONTE**
                                                      **REPORT &**
                                                      **RECOMMENDATION**
                                                      21-CV-1721 (WFK)(AYS)

NASSAU COUNTY CORRECTIONAL
OFFICERS, et al.,

                       Defendant.
----------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       On March 29, 2021, plaintiff Juan Ortiz ("Plaintiff"), commenced this action against Nassau County Correctional Center ("NCCC") and Nassau County Sheriff James E. Dzurenda ("Dzurenda") (collectively the "Defendants"), alleging that he contracted COVID-19 while incarcerated in violation of his civil rights pursuant to 42 U.S.C. § 1983. See Compl., Docket Entry ("DE") [1].

       For the reasons set forth below, and, in particular, the fact that Defendants will be prejudiced by Plaintiff's protracted lack of any involvement in this matter, this Court respectfully recommends that the action be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure

BACKGROUND

       On March 29, 2021, Plaintiff commenced this action. See DE [1]. On April 7, 2021, Plaintiff moved for leave to procced in forma pauperis, see DE [4], which was granted on April 30, 2021. DE [7]. Defendants answered the Complaint on July 20, 2021. See DE [9].

1

On November 15, 2021 a telephonic initial conference was scheduled for February 7, 2022. See DE [13]. During the February 7, 2022 telephonic initial conference, Plaintiff requested that the Court provide him with a Spanish interpreter. See Minute Entry, DE [17]; see also Scheduling Order dated 02/07/2022. Plaintiff's request was denied and Plaintiff was advised that interpreters are not provided by the Court in civil cases. Id. Thereafter, Plaintiff refused to participate in the conference. Id. The Court also noted that Plaintiff's complaint is written in English and is signed by the Plaintiff himself. Id. In light of Plaintiff's request and the fact that the Court does not provide an interpreter in civil cases, by April 7, 2022, Plaintiff was directed to notify the Court, via letter, whether he planned on proceeding with this case with the knowledge that the Court does not provide an interpreter. Id.

On February 14, 2022, the court received Plaintiff's letter stating that he would like another initial conference scheduled and was still requesting a Spanish interpreter. DE [19]. In response, on February 22, 2022, the Court issued an Order once again informing Plaintiff that the Court does not provide an interpreter. Scheduling Order dated 02/22/2022. By March 31, 2022, Plaintiff was again directed to notify the Court, via letter, whether he planned on proceeding with this case with the knowledge that the Court does not provide an interpreter. Id.

On April 27, 2022, the Court received Plaintiff's letter indicating that he had found an interpreter and wished to proceed with this action. DE [21]. On July 22, 2022, Plaintiff notified the Court of his new address. DE [22]. On October 6, 2022, Plaintiff again updated his address with the Court. DE [23]. On October 24, 2022, the Court directed Plaintiff to submit a letter by November 22, 2022, indicating: (1) whether the interpreter is a family member, friend, or a retained certified interpreter; and (2) where the interpreter is located. Scheduling Order dated

10/24/2022. On November 7, 2022, the Court's 10/24/2022 Order was returned to the Court as undeliverable. DE [24].

Plaintiff has failed to update his current address. Plaintiff has also failed to comply with the Court's October 24, 2022 Order. Simply, to date, Plaintiff has failed to Communicate with this Court. Neither the Court nor defense counsel has received any communication from Plaintiff.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

3

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

  Here, the pertinent factors weigh in favor of dismissal of this action. As discussed above, Plaintiff has failed to comply with this Court's orders. Plaintiff has failed to update his address with the Court for over 15 months. Neither the Court, nor Defendants have any means of communicating with the Plaintiff. Plaintiff has been given 15 months to communicate with this Court yet has remained silent. The docket reflects that Plaintiff is aware of how to update his address and communicate with the Court, as evidenced by his prior two address changes and letters to the Court.

  At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bears the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded the Defendants' ability to marshal an effective defense. As the Second

4

Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed for lack of prosecution, with prejudice, pursuant to Rule 41(b).

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, Defense counsel is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es) and to file proof of service on ECF by April 5, 2024. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a

magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
      April 3, 2024

                                        /s/ Anne Y. Shields
                                        ANNE Y. SHIELDS
                                        United States Magistrate Judge